(83 App. Div. 120.)

### SANFORD v. VILLAGE OF WARWICK.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. VILLAGES—SIDEWALKS—CONSTRUCTION—COST—CONTRIBUTION OF VILLAGE—STATUTES.

　　Village Law, § 161 (Laws 1897, p. 421, c. 414), provides that the village board may construct sidewalks wholly at the expense of the village, or of the owners of the adjoining land, or partly at the expense of each; and section 162 declares that whenever the abutting owner, with the consent of the board, shall construct a sidewalk of a certain character, the board may pay to such builder one-half the cost of such side-

walk. *Held,* that where the board of trustees of a village, acting under section 161, had continued a policy of compelling the construction of flag sidewalks at the sole expense of abutting owners, a resolution directing plaintiff and others to construct a flag sidewalk in front of his premises "at the cost of said property owners, as heretofore," did not constitute a consent to such construction by the board, under section 162, so as to entitle plaintiff to recover one-half of the expense from the village.

Appeal from Special Term.

Action by Pierson E. Sanford against the village of Warwick. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

John J. Beattie, for appellant.

M. N. Kane, for respondent.

WOODWARD, J. The plaintiff brings this action to recover one-half of the cost of construction of a certain flagstone walk in the village of Warwick, claiming the right under the provisions of section 162 of the village law, the defendant having recently abandoned its special charter and coming within the provisions of the general law. The board of trustees of the defendant village, claiming to act under the provisions of section 161 of the village law (Laws 1897, p. 421, c. 414), which provides that the board may "construct and repair sidewalks upon such a street [the streets of the village] wholly at the expense of the village, or of the owners or occupants of the adjoining land, or partly at the expense of each," adopted a resolution directing the plaintiff, with others, to construct a flagstone walk, four feet in width, in front of his premises. The board had, at the same meeting, adopted a resolution that "the sidewalks in the village of Warwick be laid by the abutting owners at the cost of said property owners as heretofore," and the notice served upon the plaintiff by the village clerk stated that the walk was to be constructed at his own expense. The walk was constructed, and the plaintiff now seeks to recover one-half of the cost of the same, urging that the direction of the board of trustees of the village to construct a flagstone walk four feet in width constitutes the consent required by section 162 of the village law (Laws 1897, p. 421, c. 414). This section provides:

"Whenever the owner or occupant of lands adjoining a street shall, with the consent of the board of trustees, construct a sidewalk of stone, cement, brick or other similar material along the line of such land, of the width of four feet or more, and of the value of at least four dollars per lineal rod, the board of trustees shall credit such owner or occupant on account of his assessment for street taxes in such village, three-fourths of the actual and necessary expense of constructing such sidewalk; or, instead of such credit, may pay to such owner or occupant from the street fund of the current year, one-half of the cost of such sidewalk."

This provision must be read and construed in connection with the absolute power given to the board of trustees under the provisions of section 161, and it seems entirely clear to us that it was the intention of the Legislature, in adopting section 162, to give an additional discretionary power, not inconsistent with the powers already granted,

but supplemental thereto, which would enable villages which had been using plank or other inferior materials to offer an inducement for the construction of stone, cement, or brick walks. For instance, where, under the provisions of section 161 or similar statutory provisions, the owners of property had been compelled to construct plank walks of varying widths at their own expense, and where it would be inequitable to compel their neighbors to construct more expensive walks, it was intended that the board of trustees should have the power by a formal manifestation of their consent to bear a portion of the expense of making better walks. This would enable the owner of a plank walk to make use of the same, and to rebuild it if he saw fit, or to take advantage of the provisions of section 162, with the consent of the board, and make a permanent walk, which the community would help to pay for, and in this way there could be a gradual change of sidewalks without working any hardship to any one. In Warwick, it appears, they have usually constructed stone walks. That was the custom to a considerable extent, we may infer, under the special act of incorporation; and the board of trustees, acting under the authority of section 161, resolved to continue that policy, as well as the policy of compelling the owner to pay all of the expense, and the resolution directing the constructing of a stone walk was not, therefore, the consent contemplated by the provisions of section 162, and the learned court below did not err in reaching the conclusion that the plaintiff had failed to establish a cause of action.

The judgment should be affirmed, with costs. All concur.